FILED
15 AUG 13 AM 11:16
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

**IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT, IN AND FOR LEE COUNTY, FLORIDA**

**SMALL CLAIMS DIVISION**

NATALIE VELLOJIN,

Plaintiff,

v.

PENN CREDIT CORPORATION a/k/a PENN/CENTRAL CORPORATION, a Pennsylvania corporation,

Defendant.

Case No. 15-SC-________

2:15-cV-484-FtM29CM

**STATEMENT OF CLAIMS AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, NATALIE VELLOJIN (hereinafter referred to as "Ms. Vellojin"), by and through undersigned counsel, and files these claims against PENN CREDIT CORPORATION a/k/a PENN/CENTRAL CORPORATION (hereinafter referred to as "PennCredit") and alleges:

**JURISDICTION**

1. This is an action for damages not to exceed $5,000.00.

2. This action arises out of PennCredit's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"), § 559.55 *et seq.*, Fla. Stat., in its illegal efforts to collect a consumer debt from Ms. Vellojin.

3. Venue is proper in Lee County because the acts and transactions occurred here, Ms. Vellojin resides here, and PennCredit transacts business here.

## PARTIES

4. Ms. Vellojin is a natural person who resides in Lee County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and § 559.55(2), Fla. Stat.

5. PennCredit is a Pennsylvania corporation operating from an address of 916 S. 14th Street, Harrisburg, Pennsylvania 17104, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and § 559.55(6). Penn Credit Corporation is also known as Penn/Central Corporation under Florida's Secretary of State filings. Upon information and belief, Penn Credit Corporation and Penn/Central Corporation are one in the same entity.

## FACTUAL ALLEGATIONS

6. Ms. Vellojin incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat., namely, pay for household electric at a residential address in Fort Myers, Florida. Allegedly, Ms. Vellojin has an outstanding balance with Florida Power and Light (FPL) (hereinafter referred to as the "Debt").

7. Sometime thereafter, the Debt was consigned, placed or otherwise transferred to PennCredit for collection from Ms. Vellojin.

8. On June 26, 2015, PennCredit began its collection efforts against Ms. Vellojin by mailing a dunning letter demanding payment (hereinafter referred to as the "Collection Letter"). *See Exhibit 1*.

9. The Collection Letter was the first communication Ms. Vellojin ever received from PennCredit.

10. PennCredit failed to provide Ms. Vellojin with a notice of assignment of debt pursuant to § 559.715, Fla. Stat.

11. Ms. Vellojin has been damaged as a result of PennCredit's conduct.

**TRIAL BY JURY**

12. Ms. Vellojin is entitled to and hereby respectfully demands a trial by jury on all issues so triable. Fla. Sm. Claims Rule 7.150.

**CLAIMS**

**COUNT I**
**VIOLATION OF THE FDCPA**
***15 U.S.C. § 1692e***

13. Ms. Vellojin incorporates by reference 1 – 12 of the above paragraphs of this Claim as though fully stated herein.

14. The foregoing acts and omissions of the PennCredit attempting to collect an alleged Debt from Ms. Vellojin without first complying with § 559.715, Fla. Stat., constitutes a violation of the FDCPA by misleadingly asserting a present legal right to collect from Ms. Vellojin when it knew no such right presently exists.

15. As a result of PennCredit's violations of the FDCPA, Ms. Vellojin is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from PennCredit.

**COUNT II**
**VIOLATION OF THE FCCPA**
***Improper Collection Activity - § 559.72(9), Fla. Stat.***

16. Ms. Vellojin incorporates by reference 1 – 12 of the paragraphs of this Claim as though fully stated herein.

17. The foregoing acts and omissions of the PennCredit attempting to collect an alleged Debt from Ms. Vellojin without first without first complying with § 559.715, Fla. Stat.,

constitutes a violation of the FCCPA by asserting a present legal right to collect from Ms. Vellojin when it knew no such right presently exists.

18. As a result of Credit Mgmt's violations of the FCCPA, Ms. Vellojin is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to § 559.77 from PennCredit.

19. Additionally, Section 559.77 provides a court may award punitive damages. Ms. Vellojin will seek to amend this Statement of Claim to seek same if discovery shows punitive damages may be proper.

**RELIEF REQUESTED**

WHEREFORE, Ms. Vellojin prays that judgment be entered against PennCredit:

- for an award of actual damages and statutory damages pursuant to 15 U.S.C. § 1692k and § 559.77, Fla. Stat., in the amount for $5,000.00;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and § 559.77, Fla. Stat.; and
- for such other relief as this Court deems just and proper.

Dated: July 13, 2015

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
*Attorneys for Plaintiff*

***/s/ David W. Fineman***

DAVID W. FINEMAN, ESQ.
Fla. Bar No. 0040993
dfineman@DellutriLawGroup.com
FLA.ECF.DellutriLawGroup@gmail.com